UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY MARIE CEBALLOS,<br><br>Petitioner,<br><br>v.<br><br>XAVIER BECERRA,<br><br>Respondent. | Case No.: 20cv0563-AJB (LL)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and has paid the filing fee. (ECF No. 1.) The Petition is subject to dismissal because Petitioner has failed to name a proper Respondent. In addition, although Petitioner indicates she has exhausted state court remedies as to claims one and two, she indicates she has not done so for claims three and four. However, no grounds for relief as to claims three and four are presented. To the extent Petitioner wishes to raise unexhausted claims, the Court will notify her of her options in that regard.

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of her as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

1

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action she is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A longstanding rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named Xavier Becerra, the California Attorney General, as Respondent. The Attorney General of the State of California is not a proper respondent in this action. Rule 2 of the Rules following § 2254 provides that the state officer having custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254. However, "if the applicant is not presently in custody pursuant to a state judgement against which [s]he seeks relief but may be subject to such custody in the future," then "the officer having present custody of the applicant as well as the attorney general of the state in which the judgment which [s]he seeks to attack was entered shall each be named as respondents." Rule 2 (b), 28 U.S.C. foll. § 2254. There is no basis for Petitioner to have named the Attorney General as a respondent in this action.

In order for this Court to entertain the Petition filed in this action, Petitioner must file a First Amended Petition naming the warden in charge of the state correctional facility

in which she is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

In addition, the Petition lists four claims. Petitioner states that claims one and two are exhausted and identifies the grounds for relief as to those claims. However, she indicates claims three and four are not exhausted but does not present any grounds for relief as to those claims. Because there are no grounds for relief set forth with respect to claims three and four, the Petition contains only claims one and two, both of which are exhausted. As set forth above, Petitioner must file a First Amended Petition naming a proper respondent if she wishes to proceed with this action. If she includes unexhausted claims in the First Amended Petition with grounds for relief, it will be subject to dismissal as a mixed petition, that is, one containing both exhausted and unexhausted claims. See Pliler v. Ford, 542 U.S. 225, 230 (2004) ("[F]ederal district courts must dismiss mixed habeas petitions."), citing Rose v. Lundy, 455 U.S. 509, 510, 522 (1982). If she wishes to present claims for which she has not yet exhausted state court remedies, she has several options available to her to avoid a future dismissal.

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an

evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added). The burden of proving a claim has been exhausted lies with Petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981). The Court hereby notifies Petitioner of options to avoid a future dismissal for failing to allege complete exhaustion of state court remedies in the First Amended Petition.

### i) First Option: Allege Complete Exhaustion

Petitioner may allege she has in fact exhausted state court remedies as to all claims.

### ii) Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss her entire federal petition and return to state court to exhaust her unexhausted claim. She may then file a new federal petition containing only exhausted claims. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims.") Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when her conviction became final to file a federal petition, unless she can show that statutory or equitable "tolling" applies. <u>Duncan v. Walker</u>, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1] The statute of limitations does not run while a properly filed state habeas corpus petition is pending in state court. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999) ("[W]e hold that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."), overruled in part by <u>Carey v. Saffold</u>, 536 U.S. 214, 225-26 (2002) (holding that if a petitioner unreasonably delays filing a habeas petition in a higher California court after a denial in a lower court, he is not entitled to statutory tolling during the gap between those petitions); <u>but see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); <u>Bonner v. Carey</u>, 425

F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not statutorily toll the statute of limitations), as amended 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. Duncan, 533 U.S. at 181-82.

### iii) Third Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this proceeding while she returns to state court to exhaust unexhausted claims. There are two methods potentially available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure she should ask the Court to stay her mixed petition while she returns to state court to exhaust. Under this procedure she must show she has arguably meritorious claims which she wishes to return to state court to exhaust, that she is diligently pursuing her state court remedies with respect to the claims, and that good cause exists for her failure to timely exhaust state court remedies. Rhines v. Webber, 544 U.S. 269, 277-78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, she must voluntarily withdraw her unexhausted claims, ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while she returns to state court to exhaust, and then seek permission to amend her petition to include any newly exhausted claims after exhaustion is complete. King v. Ryan, 564 F.3d. 1133, 1135 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for her failure to timely exhaust, the newly exhausted claims must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claims. King, 564 F.3d at 1141, quoting Mayle v. Felix, 545 U.S. 644, 659 (2005).

### CONCLUSION AND ORDER

The Court **DISMISSES** the case without prejudice due to Petitioner's failure to name a proper Respondent. If Petitioner wishes to proceed with this case, she must submit, **no later than May 25, 2020,** a First Amended Petition which names a proper Respondent. The Clerk of Court shall send a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: April 2, 2020

Hon. Anthony J. Battaglia
United States District Judge